IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, | ) ) ) ) | District Judge: Magistrate Judge: |
| Plaintiff, | ) ) ) | Case No.: |
| vs. | ) ) | |
| THE HENLEY GROUP, LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, The Construction Industry Retirement Fund of Rockford, Illinois, by its attorneys, WilliamsMcCarthy LLP, brings this Complaint against Defendant, THE HENLEY GROUP, LLC.

**(Failure to Pay Contributions to the Fund)**

1. Jurisdiction in this cause is based upon §301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because the Construction Industry Retirement Fund of Rockford, Illinois (hereinafter referred to as the "Fund" or "Plaintiff"), are administered in Rockford, Illinois.

4. The Fund is a multi-employer benefit plans within the meaning of ERISA. It is established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Fund has standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. Defendant is engaged in the construction industry and is doing business within this geographic area, in an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA and § 301(a) of the LMRA.

6. Mid-America Carpenters Regional Council (the "Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about May 1, 2022, Defendant entered into a Collective Bargaining Agreement with the Union, evidence of which is attached hereto as Exhibit A.

8. Under the terms of the Collective Bargaining Agreement and Trust Agreements incorporated therein, (hereinafter referred to as the "Agreement") Defendant is required to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which it identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Fund on behalf of each covered employee.

9. Under the terms of the Agreement, contributions to the Fund are due on the 15th day of the month following the month in which hours are worked and are considered delinquent after the 25th day of the month.

10. Under the terms of the Agreement, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the amounts owed.

11. Under the terms of the Agreement to which Defendant is bound, Defendant is required to submit its books and records to the Fund on demand for an audit to determine benefit contribution compliance.

12. For the time period of November 2024 through May 2025, Defendant's payroll submissions were delinquent and liquidated damages are now owed to the Fund in violation of its contractual obligation and its obligations under State and Federal law. *See* Exhibit B.

13. As a direct and proximate result of Defendant's failure to pay contributions, Defendant's employees' retirement benefits are in jeopardy.

14. Defendant's actions in failing to make timely contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and §301 of the LMRA, 29 U.S.C. § 185.

15. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), §301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreement, Defendant is liable to the Fund for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment against Defendant, The Henley Group, LLC, as follows:

(a) Directing Defendant to submit its books and records to an audit on demand by Plaintiff;

(b) Entering judgment in a sum certain against Defendant on any amount shown due and owing pursuant to Exhibit B, or otherwise, including unpaid contributions according to the audit, liquidated damages, interest, audit costs and attorney's fees and costs;

(c) Enjoining Defendant from violating the terms of the Agreements;

(d) Awarding Plaintiff any further legal and equitable relief as the Court deems appropriate; and

(e) Ordering Defendant to remain current in payment of all contributions to the Fund.

        THE CONSTRUCTION INDUSTRY
RETIREMENT FUND OF ROCKFORD,
ILLINOIS, Plaintiff,

By: WILLIAMSMCCARTHY LLP

BY: /s/ *Troy E. Haggestad*
    Troy E. Haggestad (#06229384)
    WILLIAMSMcCARTHY, LLP
    120 West State Street, Suite 400
    P.O. Box 219
    Rockford, IL 61105-0219
    815/987-8900
    thaggestad@wilmac.com